UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND - NORTHERN DIVISION

| | |
|---|---|
| NEAL GLESSNER<br>8707 Mapleville Road<br>Boonsboro, MD 21713<br><br>           Plaintiff<br><br>    v.<br><br>CHARDAN, LLC<br>Serve On: Daniel Aufdem-Brinke<br>3 South Main Street<br>Boonsboro, MD 21713<br><br>           Defendant | CASE NO. 1:22-cv-03333 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff, Neal Glessner, by and through his attorney, Adam D. Greivell, Esq., and Greivell & Garrott Johnson, LLC, and sues the Defendant, CharDan, LLC, and for reasons states:

**Parties, Jurisdiction and Venue**

1. Plaintiff, Neal Glessner, is an adult resident of Washington County, Maryland.

2. Defendant, CharDan, LLC, is a Maryland limited liability company with its principal place of business in Washington County, Maryland.

3. The events described in this Complaint took place primarily, if not exclusively, in Washington County, Maryland.

4. This Court has subject matter over this case pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the Constitution, laws, or treaties of the United States, specifically 42 U.S.C. §§ 1981 and 2000a.

GREIVELL & GARROTT JOHNSON LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

5. This Court has personal jurisdiction over the parties because Defendant is organized pursuant to the laws of the State of Maryland, has a principal place of business in Maryland and does a substantial amount of business in Maryland.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in this District.

## Facts Common to All Counts

7. Plaintiff incorporates and re-alleges the allegations of all preceding paragraphs as if fully set forth herein.

8. CharDan, LLC ("CharDan") owns and operates a restaurant in Boonsboro, Maryland named Dan's Restaurant and Tap House ("Dan's").

9. On or about February 18, 2022, Plaintiff visited Dan's for dinner as Plaintiff has done many times before and, but for the actions of the Defendant described in this Complaint, would have done many times since.

10. During his visit, Plaintiff ordered two burgers and a salad "to go" so he could bring them home to visitors who were staying with Plaintiff.

11. At or near 8:00 p.m., approximately 45 minutes after he had placed his "to go" order, Plaintiff commented to his friend, Joseph Michael, who was sitting at the bar ("Friend"), stating something in the nature of "What's taking so long, I ordered a 'to go' order 45 minutes ago."

12. While Plaintiff's comment was not directed at his server ("Server"), the Server nonetheless overheard Plaintiff's comment, and snapped at Plaintiff, insisting that Plaintiff needs to be patient because they are very busy.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

13. Plaintiff responded that it should not take that long to make two burgers, to which the Server responded that he ordered more than just two burgers.

14. Plaintiff responded, acknowledging that he did, in fact, order a salad, as well, but noted, tongue-in-cheek, that he did not believe it "took too long to 'cook' a salad."

15. The Server departed towards the kitchen in an angry fashion, and returned several minutes later with Plaintiff's order, and Plaintiff left.

16. Shortly after Plaintiff departed Dan's, a manager, Mike Skinner ("Manager"), approached Plaintiff's Friend who had been sitting at the bar, and told the Friend to "tell your friend" (meaning the Plaintiff) that he is no longer allowed at Dan's.

17. The Friend replied, stating something in the nature of, "I'll do no such thing, I don't work for you."

18. The Manager became upset and advised the Friend that both he and Plaintiff are barred from the premises.

19. The Friend advised the Manager that if he wanted to bar him from the establishment, he should call the police.

20. Whereupon, the police were called, and a Boonsboro Police Department officer responded to the scene at approximately 8:30 p.m.

21. The police officer activated his body worn camera and recorded the interactions with the Friend and the Manager.

22. When the police officer asked the Friend what had occurred, the Friend reported to the police officer that he had just been discriminated against.

23. The Friend drove directly to Plaintiff's house, arriving at approximately 8:45 p.m., and told the Plaintiff that he's not going to believe what happened after Plaintiff left.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

24. The Friend advised that they had both been banned from Dan's.

25. When Plaintiff asked why, the Friend explained that, before the police arrived, the Manager exclaimed to the Friend, "You old, white people act like you own everything. Get the fuck out of here!"

26. Both Plaintiff and the Friend are caucasian males over the age of 50.

27. Plaintiff thereafter reached out to Daniel N. Aufden-Brinke ("Dan" - one of the members of CharDan, LLC), through Dan's Facebook page to discuss the situation.

28. Although Plaintiff had communicated with Dan previously through the Facebook messenger, this time, after Plaintiff sent a message, he was later notified that he had been blocked.

29. Plaintiff thereafter posted a message in the Boonsboro, Maryland Community Group on Facebook (the "Group"), asking if anyone else had been treated poorly by the staff at Dan's.

30. Another manager of Dan's made the following post on the Group page:

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com



31. The statements made in the above are false, and tend to tarnish Plaintiff's reputation.

32. For example, Plaintiff did not on February 18, 2022, or at any time previously "mistreat" Dan's staff or "show[] blatant disrespect for [Dan's] rules and hours of operation."

33. On the contrary, Plaintiff has arrived for dinner at Dan's on several occasions in the past well within Dan's posted hours of operation, only to have been advised that the kitchen or the entire establishment had been closed early.  After addressing these issues with

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

Dan, Dan committed to requiring the staff to remain open and to seat diners for the entirety of the posted hours of operation.

34. Moreover, Plaintiff has been unable to locate any "rules" and asserts herein that there are no such "rules."

35. The statement that "He has never been treated poorly here" is false.

36. In fact, one evening not long before the February 18, 2022 incident, at approximately 7:35 p.m. several of Plaintiff's friends and associates arrived at Dan's for dinner. Immediately upon their arrival they were told by Dan's staff that the kitchen is closing and that they needed to order immediately. At approximately 7:45 p.m., Plaintiff and his wife arrived to join the group. They were also instructed by Dan's staff that they needed to order immediately because the kitchen was closed. The server was rude and seemed inconvenienced.

37. At approximately 8:30 p.m. the group paid their check, which was approximately $100. There were no other patrons in the dinning room. The separated bar area had a dozen or more patrons. Moments after paying the check, the quiet background music in the dining room changed to very loud and obnoxious "head-banging" music. This made Plaintiff and his guests very uncomfortable and also made it impossible for his group to continue to their conversations. After the group felt that they were forced to leave, they all discussed how poorly the staff treated them and how the loud music was an obvious and obnoxious act to force them to leave the establishment 30 minutes prior to published posted time of closing.

38. The statement that "I have personally been verbally attacked by him, and every single one of our bartenders (as well as a few servers) can say the same" is false.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

39. Aside from an isolated incident with a single server, where the next day the owner, Dan, agreed with Plaintiff and resolved the issue, Plaintiff has never "verbally attacked" that manager or any other bartender, server, or any other Dan's staff member.

40. The statement that "he emailed our owners trying to get the manager(s) fired" is false.

41. Plaintiff did message Dan, as previously alleged, but the message to Dan was simply an attempt to respectfully discuss what had occurred on the evening of February 18, 2022, and no effort or suggestion was made to "get the manager(s) fired."

42. The statement that the Plaintiff's post "is simply a desperate reaching attempt to hurt our business because he can't accept the consequences of his actions like an adult" is false.

43. Plaintiff's purpose in making the post was to attempt to ascertain whether he was being singled out for being treated poorly, or whether other patrons have had similar experiences.

44. Plaintiff was able to see that approximately 30 or 40 new people requested access to the Facebook Group within a short period of when his post went up.

45. Defendant, through its agents, had encouraged their friends to join the Group in order to support the Defamatory Post and statements made therein.

46.  On February 19, 2022, the day after the incident, the manager posted on his Facebook page, "tagging" the Server, a bartender, and a second manager, a picture that states "We have the right to refuse service. Fuck around and find out."  On the post, the manager added, editorially, "Nice try though. 👍 💯"

47. As a direct and proximate result of the Defendant's actions in treating Plaintiff in an unreasonably hostile manner both in the restaurant and outside of the restaurant (on

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

Page 7 of 11

social media and elsewhere) and in barring Plaintiff from the restaurant, Plaintiff has suffered, and will continue to suffer irreparable loss and injury, including but not limited to economic loss, humiliation, embarrassment, mental and emotional distress, strain on relationships, and unlawful deprivation of his protected rights to exercise and enjoy equal treatment in the making and enforcing of contracts in places of public accommodation without regard for race and/or color.

### COUNT I - Unlawful Discrimination in Violation of 42 U.S.C. § 1981

48. Plaintiff incorporates and re-alleges the allegations of all preceding paragraphs as if fully set forth herein.

49. Pursuant to 42 U.S.C. §1981, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

50. Dan's is a place of public accommodation.

51. As a proximate and foreseeable result of the Defendant's actions, Plaintiff has had his civil rights violated and has been humiliated and embarrassed.

52. In view of the foregoing facts, the Defendant knowingly, intentionally and maliciously violated Plaintiff's civil rights under 42 U.S.C. § 1981. Moreover, it is common knowledge that federal and/or constitutional law protects the civil rights of this country's citizens and that it is unlawful to discriminate against citizens of this country on the basis of race and/or color in public accommodations.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

53. By barring Plaintiff from the facility because he is "white," Defendant has refused, withheld from and denied Plaintiff the privileges of a place of public accommodation because of the Plaintiff's race and/or color, and has denied him the same right to enjoy the benefits, privileges, terms, and conditions of contract as is, and was, enjoyed by all other citizens, in violation of Plaintiffs' rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

54. Plaintiff has been damaged as aforesaid as a direct and proximate result of Defendant's violation of the aforesaid law.

WHEREFORE, Plaintiff respectfully requests the following relief:

(1) Enter a declaratory judgment finding that the foregoing actions of the Defendant violated 42 U.S.C. § 1981;

(2) Award compensatory damages to Plaintiff in an amount to be determined by a jury that would fully compensate Plaintiff for economic loss, humiliation, embarrassment and emotional distress, in an amount exceeding $75,000.00;

(3) Award punitive damages to Plaintiff in the amount of $500,000.00 or another amount to be determined by the jury that would punish Defendant for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

(4) Award Plaintiff his reasonable attorneys' fees and costs;

(5) Award pre-judgment interest and post-judgment interest; and

(6) Order such other relief as this Court deems just and equitable.

GREIVELL & GARROTT JOHNSON LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

### COUNT II -  Unlawful Discrimination in Violation of 42 U.S.C. § 2000a

55.  Plaintiff incorporates and re-alleges the allegations of all preceding paragraphs as if fully set forth herein.

56. Pursuant to 42 U.S.C. § 2000a, All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."

57. Dan's is an establishment of public accommodations affecting interstate commerce because it is a restaurant which "serves or offers to serve interstate travelers" and because "a substantial portion of the food which it serves … or other products which it sells, has moved in commerce," consistent with that definition established in 42 U.S.C. § 2000a(c).

58. As a proximate and foreseeable result of the Defendant's actions, Plaintiff has had his civil rights violated and has been humiliated and embarrassed.

59. In view of the foregoing facts, the Defendant knowingly, intentionally and maliciously violated Plaintiff's civil rights under 42 U.S.C. § 2000a.  Moreover, it is common knowledge that federal and/or constitutional law protects the civil rights of this country's citizens and that it is unlawful to discriminate against citizens of this country on the basis of race and/or color in public accommodations.

60. By barring Plaintiff from the facility because he is "white," Defendant has refused, withheld from and denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Dan's on the basis of the Plaintiff's race and/or color, and has denied him the same right to enjoy the benefits,

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

privileges, terms, and conditions of contract as is, and was, enjoyed by all other citizens, in violation of Plaintiffs' rights under 42 U.S.C. § 2000a.

61. Plaintiff has been damaged as aforesaid as a direct and proximate result of Defendant's violation of the aforesaid law.

WHEREFORE, Plaintiff respectfully requests the following relief:

(1) Enter a declaratory judgment that the Defendant's actions have violated Plaintiff's civil rights as aforesaid;

(2) Order an injunction prohibiting Defendant from violating Plaintiff's civil rights into the future;

(3) Award Plaintiff his reasonable attorneys' fees and costs;

(4) Order such other relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues so triable as of right.

Respectfully submitted,

*/s/ Adam D. Greivell*
Adam D. Greivell, Esquire (MD Bar No. 28917)
Greivell & Garrott Johnson, LLC
5 Cornell Avenue
Hagerstown, Maryland 21742
T: (240) 310-9150
F: (877) 262-4810
adam@greivelllawoffice.com
Attorneys for Plaintiff, Neal Glessner

GREIVELL & GARROTT JOHNSON LLC
5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com