IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **NEAL GLESSNER** | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: 1:22-CV-03333 |
| **CHARDAN, LLC** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF SECOND MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO STAY

NOW COMES, Defendant, Chardan, LLC, by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure, and files this Memorandum of Law in Support of Motion to Dismiss, or, in the Alternative, Motion to Stay and states as follows:

### STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Acterna Corp. Sec. Litig., 378 F. Supp. 2d 561, 569 (D. Md. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)) (internal quotations omitted)). A reviewing court shall accept the truth of a complaint's well-pled allegations and thereby construe the facts and inferences in favor of the plaintiff, i.e. the author of the well-pled amended complaint. Id. (citing Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997)). The facts to be construed when deciding a Rule 12(b)(6) motion include both "the facts stated in the amended complaint

and the documents attached to the amended complaint." Id. (citing Biospherics, Inc. v. Forbes, Inc., 989 F. Supp. 748, 749 (D. Md. 1997)). In order to survive a motion to dismiss, a plaintiff must have alleged facts that show it is entitled to relief on a substantive cause of action. Id.

Federal Rule of Civil Procedure 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Party compliance with Rule 8(a)(2) "accomplishes the duel objective of 'giv[ing] the defendant fair notice of what the claim is and the grounds upon which it rests.'" Parnigoni v. St. Columba's Nursery School, 681 F. Supp. 2d 1, 11 (D.D.C. 2010) (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While Rule 12(b)(6) does not require a complaint to have detailed factual allegations, the complaint must be more than a formulaic recitation of the relevant cause of action and/or conclusory statements of law claiming entitlement to relief. See Twombly, 550 U.S. at 555 (internal citations omitted). The Supreme Court in Ashcroft v. Iqbal added that Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A complaint must contain allegations of fact sufficient "to raise a right to relief above the speculative level." Twombley, 550 U.S. at 555. As the Supreme Court provided in Iqbal:

> To survive a motion to dismiss, a amended complaint must contain sufficient actual matter, accepted as true, to "state a claim that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant

> has acted unlawfully.  Where a amended complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (citations omitted).  In assessing the sufficiency of a complaint, a reviewing court "must accept as true all of the allegations contained in the amended complaint"; however, this "tenet . . . is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Id.

In Iqbal, the Supreme Court provided the guidelines by which a motion to dismiss should be analyzed.  First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 1950.  After weeding out those portions of a complaint that are legal conclusions, the Court should next assume the veracity of all "well-pleaded factual allegations . . . and then determine whether they plausibly give rise to an entitlement to relief."  Id.

This Court has accepted and applied the two-pronged approach urged by Iqbal.  In Abdel-Malak v. JP Morgan Chase Bank, the Court affirmed that it was not to accept "unsupported legal allegations, legal conclusions disguised as factual allegations, or conclusory factual allegations devoid of any reference to actual events."  2011 U.S. Dist. LEXIS 96595 at *7 (D. Md. Aug. 29, 2011).  With these present, a court can determine whether a pleading is unlikely to be entitled to an assumption of truth.  Id.  Only upon finding well-pled factual allegations should a court move onto determine if those allegations plausibly give rise to an entitlement to relief.  Id.

The Colorado River doctrine allows a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976); Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th Cir. 1999) ("In other words, the Colorado River Doctrine was adopted to avoid duplicative litigation."). Proceedings are determined to be parallel if substantially the same parties litigate substantially the same issues in different forums. Health Care & Ret. Corp. of Am. v. Heartland Home Care, Inc., 324 F. Supp. 2d 1202 (10th Cir. 2004). The issues are substantially the same if they arise from the same set of facts. Id.

To determine whether to dismiss or stay a federal court action based on a parallel state court case, courts consider the following factors: (1) whether either court has assumed jurisdiction over property; (2) whether the federal forum is inconvenient; (3) the avoidance of piecemeal litigation; (4) the order in which the courts obtained jurisdiction and the progress of the two cases; (5) which forum's substantive law governs the merits of the litigation; and (6) the adequacy of the state forum to protect the rights of the parties. Id. at 1205. These factors are to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23 (1983); United States v. SCM Corp., 615 F. Supp. 411 (D. Md. 1985).

**ARGUMENT**

**I. THIS COURT SHOULD DISMISS THE PLAINTIFF'S AMENDED COMPLAINT BECAUSE PLAINTIFF HAS FAILED TO ALLEGE THAT HE WAS DENIED SERVICES BY THE DEFENDANT**

The Plaintiff has failed to allege that he was denied service on the basis of his age or race, and thus failed to plead a prima facie case of violations of either 42 U.S.C. §1981 or 42 U.S.C. §2000a. When presenting a claim of discrimination, a plaintiff can either offer direct proof of discriminatory intent, or they can shift the burden to the defendant by establishing a prima facie case for discrimination through a preponderance of evidence. See O'Neill v. Gourmet Systems of Minnesota, Inc., 213 F.Supp.2d 1012, 1018 (W.D. Wis., 2002). To establish a prima facie case of discrimination the plaintiff must show that: 1) the plaintiff is a member of a protected class; 2) the plaintiff has attempted to pay for and receive services ordinarily provided by the defendant to all members of the public; 3) The plaintiff did not receive the services under circumstances which support an inference of unlawful discrimination. See id. at 1020; See also McDonnel Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (establishing a three-part test to establish a prima facie case of employment discrimination on the basis of race). Plaintiff has failed to plead any such facts showing a denial of services.

In the present case, Plaintiff has failed to demonstrate that he has been denied services by the Defendant. In order to establish that they have been discriminated against, a plaintiff must demonstrate that he attempted to solicit the services of a vendor and was denied under circumstances that indicated discrimination. See Buchanan v. Consolidated Stores Corp., 217 F.R.D. 178, 193 (D. Md., 2003). Only then does the

burden shift to the defendant to establish a legitimate, non-discriminatory reason for their action. See id. Unlike the customers in O'Neil or Buchanan, the Plaintiff has not given any indication that he made further attempts to obtain services at the Defendant's restaurant, but has instead assumed that he is no longer allowed to do so based on a hearsay comment made by his friend. O'Neil, 213 F. Supp. 2d at 1015-16; Buchanan, 217 F.R.D. at 182.

Instead of pleading that the Plaintiff attempted to patronize the Defendant's restaurant and was refused, the Plaintiff alleges in his amended complaint that he "would have" visited the restaurant for dinner but for Defendant's actions. See Plaintiff's Amended Complaint at 2. This is insufficient under the Buchanan and O'Neill standard, which requires a Plaintiff to actually attempt to solicit the services of the restaurant. Plaintiff concedes in his amended complaint that he did not do so. Further, Plaintiff's attempts to speak with employees of the Defendant's restaurant do not satisfy the requirement in O'Neil that "the plaintiff has attempted to pay for and receive services ordinarily provided by the defendant to all members of the public" as these attempts never involved the Plaintiff actually attempting to purchase anything from the restaurant. O'Neil, 213 F. Supp. 2d at 1015-16. In none of Plaintiff's messages, does he ask to purchase anything. See Plaintiff's Amended Complaint at 4-5. Instead, the conversations were merely an attempt to discuss the incident that had occurred, as the Plaintiff pled that he called to "to address the situation." Id. Thus, the facts pled in Plaintiff's complaint fail to satisfy the Buchanan and O'Neill standard, which require at the very least an actual attempt to solicit services. Without demonstrating that he was, in fact, personally denied services under circumstances that could reasonably be

viewed as discriminatory, the Plaintiff has not met the burden of proof necessary to establish his complain, and thus, the amended complaint should be dismissed.

## II. THIS COURT SHOULD DISMISS THE AMENDED COMPLAINT BECAUSE IT FAILS TO ALLEGE FACTS DEMONSTRATING THAT PLAINTIFF WOULD HAVE BEEN PERMITTED INTO THE VENUE BUT FOR RACIAL ANIMUS

Plaintiff has failed to demonstrate that any alleged refusal of services by the Defendant was motivated by discriminatory animus. When determining whether a party has been deprived their rights in violation of 42 U.S.C. §1981, courts must utilize a "but for" test to verify the claim. See Comcast Corporation v. National Association of African American-Owned Media, 140 S. Ct. 1009, 1019 (2020). In the context of discrimination claims, a "but for" test means that the claim cannot succeed unless the protected trait actually played a role in the defendant's decision-making process and was also "a determinative influence on the outcome." See Hazen Paper Company v. Biggins, 507 U.S. 604, 610 (1993). Since determining that claims of discrimination resulting in statutory violations are to be assessed using a "but for" test, the Supreme Court has further clarified that this standard applies to other relevant statutes, not merely 42 U.S.C. §1981. See Babb v. Wilkie, 140 S. Ct. 1168, 1172 (2020) (holding that allegations of age-based discrimination must indicate a but-for causal relationship).

In the present case, Plaintiff's amended complaint fails to demonstrate that, but for his race, he would not have been barred from the Defendant's premises. In the Plaintiff's amended complaint, he admits that he and his friend became involved in an altercation with restaurant staff, which escalated to such a degree that the police were called to the premises. Additionally, while he denies the claims that were made, Plaintiff also provides examples of social media posts by Chardan staff, in which they express

disapproval of Plaintiff's previous behavior in the restaurant. At no point in these social media posts is there any indication that Plaintiff's race was the underlying cause of animus. The amended complaints focus entirely on his behavior. The Plaintiff was barred because of his behavior, not his race.

      Plaintiff's amended complaint concedes that no racial invective was used against him, nor that he had any reason to believe that he was being treated differently on account of his race while he was in the restaurant. The basis for his claim that he is the victim of racial discrimination is that his friend alleged that an employee disparaged "old white men" after the plaintiff had left the restaurant, and after the restaurant manager had already informed the friend that plaintiff would no longer be allowed in the establishment. Plaintiff merely conflates these statements with unrelated social media posts and states that "Defendant's post-hoc justifications for its abhorrent treatment of the Plaintiff were little more than pretextual fabrications designed to conceal its true animus." *See* Plaintiff's Amended Complaint at 9. However, Plaintiff's interpretation of Defendant's motivation, and allegation that the Defendant "harbored special insidious hate towards white people" are little more than conclusory statements of law claiming entitlement to relief. Legal conclusions are not entitled to the presumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). This Court has affirmed that it was not to accept "unsupported legal allegations, legal conclusions disguised as factual allegations, or conclusory factual allegations devoid of any reference to actual events." Abdel-Malak v. JP Morgan Chase Bank, 2011 U.S. Dist. LEXIS 96595 at *7 (D. Md. Aug. 29, 2011).

Given the absence of evidence of discriminatory motive and the fact that Plaintiff's own account of events demonstrates nondiscriminatory reasons that restaurant staff would ban him from the premises, Plaintiff's allegations of discrimination do not stand up under the "but for" analysis prescribed in Comcast. 140 S. Ct. at 1013-14. In order to demonstrate that but for his race he would not have been injured, Plaintiff must support the allegation that his race had a determinative influence on the decision to ban him from the restaurant. See Hazen Paper Co. 507 U.S. at 610. Plaintiff has not claimed or given any indication that a patron of a different race, acting in a similar fashion, would have been allowed to continue patronizing the restaurant.

Given his failure to apply "but for" analysis as is required to determine that he has been discriminated against per 42 U.S.C. §1981 and 42 U.S.C. §2000a, Plaintiff has failed to present facts that demonstrate plausible discrimination in his amended complaint. Having failed to do so, the counts remain entirely speculative, and should therefore be dismissed.

### III. THE COURT SHOULD DISMISS OR STAY THE CASE PURSUANT TO THE COLORADO RIVER DOCTRONE

This Court should dismiss or stay the Plaintiff's amended complaint because it is parallel with state court litigation, and the factors laid out in the case law weigh in favor of staying or dismissing the case.

This Court has the authority to stay or dismiss this case because Plaintiff's two cases are parallel. The parties in the state proceeding are identical, and the dispute arises from the same disputed facts. The state proceeding did not dismiss Count III and IV, which alleged negligence and gross negligence. The alleged breach of duty is based on the violation of a discrimination statute. See Exhibits A & B. Thus, Plaintiff has

asserted parallel discrimination claims in the state court proceeding. Thus, under the Heartland standard, the cases are to be considered parallel for the purposes of Colorado River Doctrine analysis. Health Care & Ret. Corp. of Am. v. Heartland Home Care, Inc., 324 F. Supp. 2d 1202 (D. Kan. 2004). While Plaintiff alleges several legal counts in the two different cases, the underlying facts of all counts brought in both cases revolve around the disputes arising from the incident on February 18, 2022. Thus, a resolution of one proceeding would resolve the parties' dispute. Since both proceedings are parallel, this Court has the authority to stay or dismiss the Federal action per the Colorado River Doctrine.

The six Moses factors weigh in favor of the Court dismissing or staying the case. Moses, 460 U.S. 1, 23 (1983). The first factor, regarding "whether either court has assumed jurisdiction over property," is irrelevant here. Id. The second factor, "whether the federal forum is inconvenient," favors staying or dismissing the case due to the extensive discovery already conducted in the state matter. Id. "The federal forum is inconvenient not because of distance, as in Colorado River, but because of the stage of development of the state action." Ackerman v. ExxonMobil Corp., 821 F. Supp. 2d 811, 819 (D. Mass. 2012). This matter is similar to Ackerman in that the parties had already begun to perform extensive discovery, and the repetition of this discovery is the sort of waste that Colorado River is meant to avoid. The parties in the state court litigation are in the process of exchanging discovery.

The third factor, "the avoidance of piecemeal litigation" and the fourth factor "the order in which the courts obtained jurisdiction and the progress of the two cases" similarly weigh in favor of dismissing or staying the litigation. Moses, 460 U.S. 1, 23

(1983). The state court action was initiated first, is months into the discovery process with a trial scheduled for this summer, and as discussed prior, is based upon the same incident. Thus, these dual actions will involve similar claims, defenses, and testimony. "Testimony in each case will involve the same evidence; each witness will testify about the same transactions. To require the parties to litigate their claims and defenses in two separate forums needlessly strains judicial resources and risks inconsistent judgments." American Tank Transp. v. First People's Community Fed. Credit Union, 1995 U.S. Dist. LEXIS 1307, *21 (D. Md. Jan. 11, 1995).

The fifth factor, "which forum's substantive law governs the merits of the litigation," may way in favor of the Plaintiff, as he now cites Federal anti-discrimination laws. Moses, 460 U.S. 1, 23 (1983). However, this one factor is outweighed by the other factors.

The sixth factor, "the adequacy of the state forum to protect the rights of the parties" weighs in favor of a stay or a dismissal. Id. Maryland Courts are more than adequately placed to protect the rights of parties, as they have "familiar with these particular parties" and their dispute, and the Plaintiff has managed to plead state law tort claims based on the violation of a state discrimination statute. Ackerman, 821 F. Supp. 2d at 821.

Allowing these two parallel cases to proceed would result in duplicative work and be a waste of the resources of the parties and the judiciary, and could lead to inconsistent rulings, verdicts and/or judgments.

Thus, the majority of factors weigh in favor of staying or dismissing the case. This Court should dismiss or stay the Plaintiff's amended complaint, as the disposition of the state proceeding would be dispositive on the issues before this Court.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Plaintiff's amended complaint with prejudice, or, in the alternative, stay the case.

                /s/
Charles B. Peoples, Esquire, #29306
Thomas, Thomas & Hafer LLP
1025 Connecticut Ave., NW, Ste. 608
Washington, DC 20036
202-945-9501
cpeoples@tthlaw.com
*Attorney for Defendant Chardan, LLC*