IN THE CIRCUIT COURT FOR WASHINGTON COUNTY, MARYLAND

| | |
|---|---|
| NEAL GLESSNER | * |
| Plaintiff | * |
| v. | * CASE NO. C-21-CV-22-000156 |
| CHARDAN, LLC | * |
| and | * |
| ALEXANDER THAGGARD<br>308 Ayr St Nw<br>Leesburg, VA 20176 | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### THIRD AMENDED COMPLAINT

COMES NOW Plaintiff, Neal Glessner, by and through his attorney, Adam D. Greivell, Esq., and Greivell & Garrott Johnson, LLC, and sues the Defendants, CharDan, LLC, and Alexander Thaggard, and for reasons states:

#### Parties, Jurisdiction and Venue

1. Plaintiff, Neal Glessner, is an adult resident of Washington County, Maryland.

2. Defendant, CharDan, LLC, is a Maryland limited liability company with its principal place of business in Washington County, Maryland.

3. Defendant, Alexander Thaggard ("Thaggard"), is an adult resident of the State of Virginia who regularly engages in business in Washington County, Maryland.

4. The events described in this Complaint took place primarily, if not exclusively, in Washington County, Maryland.

5. Jurisdiction and venue are appropriate in Washington County, Maryland.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

EXHIBIT A

Facts Common to All Counts

6. Plaintiff incorporates and re-alleges the allegations of all preceding paragraphs as if fully set forth herein.

7. CharDan, LLC ("CharDan") owns and operates a restaurant in Boonsboro, Maryland named Dan's Restaurant and Tap House ("Dan's").

8. On or about February 18, 2022, Plaintiff visited Dan's for dinner.

9. During his visit, Plaintiff ordered two burgers and a salad "to go" so he could bring them home to visitors who were staying with Plaintiff.

10. At or near 8:00 p.m., approximately 45 minutes after he had placed his "to go" order, Plaintiff commented to his friend, Joseph Michael, who was sitting at the bar ("Friend"), stating something in the nature of "What's taking so long, I ordered a 'to go' order 45 minutes ago."

11. While Plaintiff's comment was not directed at his server ("Server"), the Server nonetheless overheard Plaintiff's comment, and snapped at Plaintiff, insisting that Plaintiff needs to be patient because they are very busy.

12. Plaintiff responded that it should not take that long to make two burgers, to which the Server responded that he ordered more than just two burgers.

13. Plaintiff responded, acknowledging that he did, in fact, order a salad, as well, but noted, tongue-in-cheek, that he did not believe it "took too long to 'cook' a salad."

14. The Server departed towards the kitchen in an angry fashion, and returned several minutes later with Plaintiff's order, and Plaintiff left.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

15. Shortly after Plaintiff departed Dan's, a manager, Mike Skinner ("Manager"), approached Plaintiff's Friend who had been sitting at the bar, and told the Friend to "tell your friend" (meaning the Plaintiff) that he is no longer allowed at Dan's.

16. The Friend replied, stating something in the nature of, "I'll do no such thing, I don't work for you."

17. The Manager became upset and advised the Friend that both he and Plaintiff are barred from the premises.

18. The Friend advised the Manager that if he wanted to bar him from the establishment, he should call the police.

19. Whereupon, the police were called, and a Boonsboro Police Department officer responded to the scene at approximately 8:30 p.m.

20. The police officer activated his body worn camera and recorded the interactions with the Friend and the Manager.

21. When the police officer asked the Friend what had occurred, the Friend reported to the police officer that he had just been discriminated against.

22. The Friend drove directly to Plaintiff's house, arriving at approximately 8:45 p.m., and told the Plaintiff that he's not going to believe what happened after Plaintiff left.

23. The Friend advised that they had both been banned from Dan's.

24. When Plaintiff asked why, the Friend explained that, before the police arrived, the Manager exclaimed to the Friend, "You old, white people act like you own everything. Get the fuck out of here!"

25. Both Plaintiff and the Friend are caucasian males over the age of 50.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

26. Plaintiff thereafter reached out to Daniel N. Aufdem-Brinke ("Dan" - one of the members of CharDan, LLC), through Dan's Facebook page to discuss the situation.

27. Although Plaintiff had communicated with Dan previously through the Facebook messenger, this time, after Plaintiff sent a message, he was later notified that he had been blocked.

28. Plaintiff thereafter posted a message in the Boonsboro, Maryland Community Group on Facebook (the "Group"), asking if anyone else had been treated poorly by the staff at Dan's.

29. Defendant, Thaggard, another manager of Dan's, made the following defamatory post ("Defamatory Post") on the Group page:

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com



30. The statements made in the Defamatory Post are false and defamatory.

31. For example, Plaintiff did not on February 18, 2022, or at any time previously "mistreat" Dan's staff or "show[] blatant disrespect for [Dan's] rules and hours of operation."

32. On the contrary, Plaintiff has arrived for dinner at Dan's on several occasions in the past well within Dan's posted hours of operation, only to have been advised that the kitchen or the entire establishment had been closed early.  After addressing these issues with Dan, Dan committed to requiring the staff to remain open and to seat diners for the entirety of the posted hours of operation.

33. Moreover, Plaintiff has been unable to locate any "rules" and asserts herein that there are no such "rules."

34. The statement that "He has never been treated poorly here" is false.

35. In fact, one evening not long before the February 18, 2022 incident, at approximately 7:35 p.m. several of Plaintiff's friends and associates arrived at Dan's for dinner. Immediately upon their arrival they were told by Dan's staff that the kitchen is closing and that they needed to order immediately. At approximately 7:45 p.m., Plaintiff and his wife arrived to join the group. They were also instructed by Dan's staff that they needed to order immediately because the kitchen was closed. The server was rude and seemed inconvenienced.

36. At approximately 8:30 p.m. the group paid their check, which was approximately $100. There were no other patrons in the dinning room. The separated bar area had a dozen or more patrons. Moments after paying the check, the quiet background music in the dining room changed to very loud and obnoxious "head-banging" music. This made Plaintiff and his guests very uncomfortable and also made it impossible for his group to continue to their conversations. After the group felt that they were forced to leave, they all discussed how poorly the staff treated them and how the loud music was an obvious and obnoxious act to force them to leave the establishment 30 minutes prior to published posted time of closing.

37. The statement that "I have personally been verbally attacked by him, and every single one of our bartenders (as well as a few servers) can say the same" is false.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

38. Aside from an isolated incident with a single server, where the next day the owner, Dan, agreed with Plaintiff and resolved the issue, Plaintiff has never "verbally attacked" that manager or any other bartender, server, or any other Dan's staff member.

39. The statement that "he emailed our owners trying to get the manager(s) fired" is false.

40. Plaintiff did message Dan, as previously alleged, but the message to Dan was simply an attempt to respectfully discuss what had occurred on the evening of February 18, 2022, and no effort or suggestion was made to "get the manager(s) fired."

41. The statement that the Plaintiff's post "is simply a desperate reaching attempt to hurt our business because he can't accept the consequences of his actions like an adult" is false.

42. Plaintiff's purpose in making the post was to attempt to ascertain whether he was being singled out for being treated poorly, or whether other patrons have had similar experiences.

43. Plaintiff was able to see that approximately 30 or 40 new people requested access to the Facebook Group within a short period of when his post went up.

44. Defendant CharDan, through its agents, had encouraged their friends to join the Group in order to support the Defamatory Post and statements made therein.

45. On February 19, 2022, the day after the incident, the manager posted on his Facebook page, "tagging" the Server, a bartender, and a second manager, a picture that states "We have the right to refuse service. Fuck around and find out."  On the post, the manager added, editorially, "Nice try though. 👍 💯"

46. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer irreparable loss and injury, including but not limited to economic

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

loss, humiliation, embarrassment, mental and emotional distress, strain on relationships, and unlawful deprivation of his protected rights to exercise and enjoy equal treatment in the making and enforcing of contracts in places of public accommodation without regard for age, race and/or color.

**COUNT I - Unlawful Public Accommodation Discrimination in Violation of Public Policy**

47. Plaintiff incorporates and re-alleges the allegations of all preceding paragraphs as if fully set forth herein.

48. In Title 20 of the State Government Article, the General Assembly has espoused a clear mandate of public policy unambiguously prohibiting discrimination on the basis of age, race and/or color in places of public accommodation.

49. Dan's is a place of public accommodation, which is defined by *SG* § 20-301 as "a restaurant… principally engaged in selling food or alcoholic beverages for consumption on or off the premises…"

50. Pursuant to *SG* § 20-304, "An owner or operator of a place of public accommodation or an agent or employee of the owner or operator may not refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, or privileges of the place of public accommodation because of the person's race, sex, age, color, creed, national origin, marital status, sexual orientation, gender identity, or disability."

51. By barring Plaintiff from the facility because he is "old" and "white," Defendant has refused, withheld from and denied Plaintiff the privileges of a place of public accommodation because of the Plaintiff's age, race and/or color, in violation of Maryland's clear mandate of public policy.

GREIVELL & GARROTT JOHNSON LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

52. Plaintiff has been damaged as aforesaid as a direct and proximate result of Defendant's violation of the aforesaid public policy.

    WHEREFORE, Plaintiff respectfully requests the following relief:

    (1) Enter a declaratory judgment finding that the foregoing actions of the Defendant violated Maryland's public policy, as espoused in *SG* §20-304;

    (2) Award compensatory damages to Plaintiff in an amount to be determined by a jury that would fully compensate Plaintiff for economic loss, humiliation, embarrassment and emotional distress, in an amount exceeding $75,000.00;

    (3) Award punitive damages to Plaintiff in an amount to be determined by the jury that would punish Defendant for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

    (4) Award Plaintiff his reasonable attorneys' fees and costs;

    (5) Award pre-judgment interest and post-judgment interest; and

    (6) Order such other relief as this Court deems just and equitable.

### COUNT II -  Defamation of Character (CharDan)

53. Plaintiff incorporates and re-alleges the allegations of all preceding paragraphs as if fully set forth herein.

54. As set forth above, Defendant CharDan and its agents made numerous defamatory communications about the Plaintiff which tended to and did in fact expose Plaintiff to public scorn, hatred, contempt and ridicule.

55. Defendant CharDan published these defamatory communications to many third parties who reasonably recognized the defamatory nature or the statements.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

56. Defendants CharDan's statements about the Plaintiff are false as aforesaid, and the Defendant CharDan made the false statements with negligent disregard for the truth of the statements, reckless disregard for the truth of the statements, and/or with actual malice, *i.e.*, actual knowledge of the falsity of the statements.

57. Moreover, even if the falsity of the above defamatory statements was not known or knowable by the Defendant CharDan at the time they made such statements, the falsity of the statements had become known to the Defendant CharDan and its failure to retract the statements constitutes an ongoing malicious act of defamation.

58. As set forth above, Defendants CharDan's conduct in defaming the character of the Plaintiff has proximately and actually caused severe reputational harm, emotional distress and financial damages in an amount to be more specifically proven at trial, but exceeding $75,000.00.

WHEREFORE, Plaintiff respectfully requests the following relief:

(1) Award compensatory damages to Plaintiff in an amount to be determined by a jury that would fully compensate Plaintiff for economic loss, humiliation, embarrassment and emotional distress, in an amount exceeding $75,000.00;

(2) Award punitive damages to Plaintiff in an amount to be determined by the jury that would punish Defendant for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

(3) Award Plaintiff his reasonable attorneys' fees and costs;

(4) Award pre-judgment interest and post-judgment interest; and

(5) Order such other relief as this Court deems just and equitable.

## COUNT III - NEGLIGENCE

GREIVELL & GARROTT JOHNSON LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

59. Plaintiff incorporates and re-alleges the allegations of all preceding paragraphs as if fully set forth herein.

60. Defendant owed a duty to Plaintiff to act in accordance with the requirements set forth in Title 20 of the State Government Article, as aforesaid.

61. Defendant violated that duty as alleged above.

62. As a direct and proximate result of Defendant's violation, Plaintiff suffered loss and injury, including but not limited to economic loss, humiliation, embarrassment, emotional distress, strain on relationships, and unlawful deprivation of his protected rights to exercise and enjoy equal treatment in the making and enforcing of contracts in places of public accommodation without regard for age, race and/or color.

WHEREFORE, Plaintiff respectfully requests the following relief:

(1) Award compensatory damages to Plaintiff in an amount to be determined by a jury that would fully compensate Plaintiff for economic loss, humiliation, embarrassment and emotional distress, in an amount exceeding $75,000.00;

(2) Award Plaintiff his reasonable attorneys' fees and costs;

(3) Award pre-judgment interest and post-judgment interest; and

(4) Order such other relief as this Court deems just and equitable.

## COUNT IV - GROSS NEGLIGENCE

63. Plaintiff incorporates and re-alleges the allegations of all preceding paragraphs as if fully set forth herein.

64. Defendant owed a duty to Plaintiff to act in accordance with the requirements set forth in Title 20 of the State Government Article, as aforesaid.

65. Defendant violated that duty as alleged above.

GREIVELL & GARROTT JOHNSON LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

66. Defendant's actions in violating its statutorily imposed duties were committed intentionally, or, at the least with wanton and reckless disregard for the rights of the Plaintiff.

67. As a direct and proximate result of Defendant's violations, Plaintiff suffered loss and injury, including but not limited to economic loss, humiliation, embarrassment, emotional distress, strain on relationships, and unlawful deprivation of his protected rights to exercise and enjoy equal treatment in the making and enforcing of contracts in places of public accommodation without regard for age, race and/or color.

WHEREFORE, Plaintiff respectfully requests the following relief:

(1) Award compensatory damages to Plaintiff in an amount to be determined by a jury that would fully compensate Plaintiff for economic loss, humiliation, embarrassment and emotional distress, in an amount exceeding $75,000.00;

(2) Award punitive damages to Plaintiff in an amount to be determined by the jury that would punish Defendant for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

(3) Award Plaintiff his reasonable attorneys' fees and costs;

(4) Award pre-judgment interest and post-judgment interest; and

(5) Order such other relief as this Court deems just and equitable.

### COUNT V - Defamation of Character (Thaggard)

68. Plaintiff incorporates and re-alleges the allegations of all preceding paragraphs as if fully set forth herein.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

69. As set forth above, Defendant Thaggard and his agents made numerous defamatory communications about the Plaintiff which tended to and did in fact expose Plaintiff to public scorn, hatred, contempt and ridicule.

70. Defendant Thaggard published these defamatory communications to many third parties who reasonably recognized the defamatory nature or the statements.

71. Defendants Thaggard's statements about the Plaintiff are false as aforesaid, and the Defendant Thaggard made the false statements with negligent disregard for the truth of the statements, reckless disregard for the truth of the statements, and/or with actual malice, *i.e.*, actual knowledge of the falsity of the statements.

72. Moreover, even if the falsity of the above defamatory statements was not known or knowable by the Defendant Thaggard at the time he made such statements, the falsity of the statements had become known to the Defendant Thaggard and his failure to retract the statements constitutes an ongoing malicious act of defamation.

73. As set forth above, Defendant Thaggard's conduct in defaming the character of the Plaintiff has proximately and actually caused severe reputational harm, emotional distress and financial damages in an amount to be more specifically proven at trial, but exceeding $75,000.00.

WHEREFORE, Plaintiff respectfully requests the following relief:

(1) Award compensatory damages to Plaintiff in an amount to be determined by a jury that would fully compensate Plaintiff for economic loss, humiliation, embarrassment and emotional distress, in an amount exceeding $75,000.00;

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

(2) Award punitive damages to Plaintiff in an amount to be determined by the jury that would punish Defendant for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

(3) Award Plaintiff his reasonable attorneys' fees and costs;

(4) Award pre-judgment interest and post-judgment interest; and

(5) Order such other relief as this Court deems just and equitable.

Respectfully submitted,

*/s/ Adam D. Greivell*
Adam D. Greivell, Esquire
CPF ID# 0512130328
Greivell & Garrott Johnson, LLC
5 Cornell Avenue
Hagerstown, Maryland 21742
(240) 310-9150
adam@greivelllawoffice.com
Attorneys for Plaintiff, Neal Glessner

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2023, a copy of the foregoing Third Amended Complaint was served via MDEC on Charles B. Peoples, Esq., attorney for Defendant. All other persons entitled to service, if any, were served by the MDEC system.

*/s/ Adam D. Greivell*
Adam D. Greivell, Esquire

### CERTIFICATE REGARDING RESTRICTED INFORMATION

I HEREBY CERTIFY that this document does not contain any restricted information.

*/s/ Adam D. Greivell*
Adam D. Greivell, Esquire

GREIVELL & GARROTT JOHNSON LLC
5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com