UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND - NORTHERN DIVISION

|  |  |
|---|---|
| NEAL GLESSNER | * |
| Plaintiff | * |
| v. | * CASE NO. 1:22-cv-03333 |
| CHARDAN, LLC | * |
| Defendant | * |

**OPPOSITION TO SECOND MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, MOTION TO STAY**

COMES NOW Plaintiff, Neal Glessner, by and through his attorney, Adam D. Greivell, Esq., and Greivell & Garrott Johnson, LLC, and files this Opposition to Second Motion to Dismiss, or, in the Alternative, Motion to Stay, and for reasons states:

INTRODUCTION

Plaintiff has sued Defendant in a two count Amended Complaint, seeking damages, injunctive and declaratory relief for unlawful discrimination in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000a.  Defendant filed a Motion to Dismiss (ECF No. 24), asserting that the Complaint fails to state a claim upon which relief can be granted, or, in the alternative, that the case should be dismissed or stayed because there is an action pending in the Circuit Court for Washington County, Maryland for defamation and several torts arising out of Maryland's statutory prohibitions of discrimination in places of public accommodation, which Defendant asserts "arise from the same set of facts and regard[] the same issues."

Upon the filing of the Defendant's first Motion to Dismiss (ECF No. 13), Plaintiff filed an Amended Complaint (ECF No. 17) and an Opposition to the Motion to Dismiss (ECF No.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

18).  On February 15, 2023, this Court denied the first Motion to Dismiss "as moot without prejudice to Defendant's ability to renew some or all of the arguments in response to the Amended Complaint."  (ECF No. 21).

Defendant now re-asserts its arguments, presenting essentially the same arguments as in the first Motion to Dismiss.

For the reasons set forth herein, the Second Motion to Dismiss should be denied because Plaintiff has properly stated a claim under 42 U.S.C. § 1981 and § 2000a, and the request to stay should be denied because the claims presented in the federal and state actions are not sufficiently parallel to justify the court's exercise of the abstention doctrine, which is only to be done "parsimoniously."

## STANDARD OF REVIEW

### Standard of Review for Rule 12(b)(6) Motion to Dismiss

This Court succinctly discussed the standard of review for a motion to dismiss for failure to state a claim under Rule 12(b)(6) in *Buchanan v. Consolidated Stores Corp.*, 2125 F. Supp. 2d 730 (D. Md. 2001):

> A Rule 12(b)(6) challenge requires a court to accept all well-pled allegations of the complaint as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir.1997). Such a motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## ARGUMENT

Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted for two reasons.  First, Defendant argues that Plaintiff has "failed to allege that he was denied service on the basis of his age or race, and thus failed to plead a *prima facie* case"

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

under Counts I and II.  Second, Defendant argues that Plaintiff "failed to demonstrate that any alleged refusal of services by the Defendant was motivated by discriminatory animus."

Finally, Defendant argues that this case should be stayed or dismissed pursuant to the *Colorado River* abstention doctrine.

Counts I and II as set forth in the Amended Complaint state claims upon which relief can be granted.  The discrete legal and factual issues raised in this case are sufficiently distinct from those present in the state court litigation such that this case ought not to be stayed or dismissed pending the outcome thereof.  If this Honorable Court is inclined to disagree, then this case should be stayed rather than dismissed.

### **<u>Plaintiff Has Properly Plead That He Was Denied the Ability to Contract and Enjoy Defendant's Services.</u>**

To state a claim under 42 U.S.C. § 1981, Plaintiff must establish that he suffered "interference with the right to contract." *Buchanan*, *supra* at 735.

To state a claim under 42 U.S.C. § 2000a, Plaintiff must establish that he "attempted to exercise the right to full benefits and enjoyment of a place of public accommodation" and that he "was denied those benefits and enjoyment."  *Wallace v. Cecil County Fair, Inc.,* Civil Action No. GLR-19-1802 (D. Md. Aug. 24, 2020).

In Plaintiff's original Complaint, as well as his Amended Complaint, Plaintiff stated at paragraph 9, that "[o]n or about February 18, 2022, Plaintiff visited Dan's for dinner as Plaintiff has done many times before and, <u>but for the actions of the Defendant described in this Complaint, would have done many times since</u>" (emphasis added).

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

Being a regular customer, Plaintiff had a general pattern and intent of patronizing the restaurant on a regular ongoing basis[1].  Had Plaintiff returned after having been instructed not to, he would have been liable to be charged with criminal trespass[2] and/or a civil peace order[3].

Defendant's protestation that Plaintiff "has not given any indication that he made further attempts to obtain services at the Defendant's restaurant but has instead assumed that he is no longer allowed to do so based on a hearsay comment made by his friend" lacks merit since, in the context of a motion to dismiss, the court must take the allegations of the Complaint as true and resolve all reasonable inferences therefrom in favor of the Plaintiff. *Buchanan*, *supra*.  Therefore, it must be accepted as true, at this stage, that the Manager did, in fact, tell the Friend that both the Plaintiff and the Friend were barred from the establishment, and that the Friend, after being told to do so by the Manager of the Defendant, did, in fact, pass along that message to the Plaintiff.

Plaintiff respected the Defendant's directive and has not returned to the restaurant to attempt to be served.  Rather, he did what he *could* legally do, and promptly spoke directly with the ownership of the Defendant, asking them to reverse the decision.

---

[1] Plaintiff asserted in his message to Defendant's member/owner, Dan, "I spend at least $500 a week at Dan's…" (Amended Complaint, para. 28).

[2] Md. Criminal Law Article, provides at § 6-403 Wanton trespass on private property, "(a) A person may not enter or cross over private property or board the boat or other marine vessel of another, after having been notified by the owner or the owner's agent not to do so."

[3] Md. Courts and Judicial Proceedings Article, provides at § 3-1503(a), that "A petitioner may seek relief under this subtitle" if the petition "alleges the commission of any of the following acts … within 30 days before the filing of the petition: … (vii) Trespass under Title 6, Subtitle 4 of the Criminal Law Article."

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

Plaintiff has further elaborated on his efforts in his First Amended Complaint, illustrating that he did, in fact, make several such attempts to reverse the banishment and regain permission to patronize the establishment. *See, generally*, paras. 27 through 35 of the First Amended Complaint, stating that immediately following the incident, Plaintiff sent a written message to Daniel Aufdem-Brinke, one of the members of CharDan, LLC, confronting him about the discrimination and asking him to address the situation.

Specifically, Plaintiff's message specifically complained that "Joe Michale [sic], our Deputy State's Attorney, who Governor Hogan, just appointed Judge, knocked on my door and informed me that I'm barred from Danz's [sic] and so [is] Judge Michaels [sic]," that "the managers yelled at the judge 'you old white people think own [sic] everything," and that he was planning on "filing a discrimination grievance," but that he "would consider not doing so if I am convinced you've addressed this bizarre situation." (ECF No. 17, at para. 28).

Plainly, taken in a light most favorable to the Plaintiff, Plaintiff was complaining to the owner that he had been barred from the restaurant based on discrimination and was asking for the "bizarre situation" to be "addressed." Plaintiff was self-evidently attempting to get himself "unbanned" so that he could continue to patronize the public accommodations.

Instead of responding to Plaintiff, Daniel blocked him. *Id,* at paras. 29-30. Plaintiff then called Daniel's ex-wife, Charlotte Aufdem-Brinke, who is also a member of the Defendant, and told her the story, asking her to reconsider. She advised she would speak to Daniel about the matter and have Daniel reach back out to Plaintiff. *Id*, at paras. 30-31.

Plaintiff thereafter spoke with Daniel, "expressed his frustration with having been banned from Dan's for being "old and white," and **expressly asked Dan to address the**

GREIVELL & GARROTT JOHNSON LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

**blatantly discriminatory conduct and reverse the decision so that Plaintiff could resume patronizing the establishment in peace.**" *Id*, at paras. 32-33 (emphasis added).

Daniel advised that he would review the surveillance video, "see what was said," and would let Plaintiff know if there would be any departure from their position. Plaintiff never heard back from Daniel, and Defendant refused to reverse its decision. *Id,* at paras. 34-35.

Plaintiff has manifestly asserted in his Amended Complaint that he was a regular customer, and would have continued to patronize the restaurant so but for the express directive from Defendant's manager to stay away. Plaintiff directly raised this with the ownership of the Defendant, and Defendant refused to allow Plaintiff back on the premises. Accordingly, Plaintiff's efforts to engage in contractual relations with the Defendant were expressly and directly thwarted.

Applying the standards required to state a claim for § 1981 and § 2000a, Plaintiff has appropriately alleged that he was denied the right to engage in contractual relations and to receive the full benefits and enjoyment of a place of public accommodations in spite of both his desire and his express efforts to do so.

Short of actually showing up on the premises (committing a criminal wanton trespass), Defendant contends that Plaintiff cannot have a cause of action.

Defendant's reasoning, therefore, is that it is perfectly lawful for it to blatantly tell customers "I am banning you because you are white" (or black, or any other color), as long as the victims of the discrimination do not commit a criminal wanton trespass, coming back on the premises to try to be served. Thus, the most intimidating discriminators, under Defendant's theory, get a free pass under the law. This is quite a curious position to take.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

Plaintiff unequivocally "attempted to exercise the right to full benefits and enjoyment of a place of public accommodation" and, without question, he "was denied those benefits and enjoyment." *Wallace*, *supra*.

The case, *Callwood v. Dave & Buster's, Inc.*, 98 F. Supp. 2d 694 (D. Md. 2000) is instructive. There, this Court set forth a three part test for analyzing cases under § 1981.

> ...in order to make out a prima facie case under the circumstances of these cases, plaintiffs must show the following: (1) they are members of a protected class; (2) they made themselves available to receive and pay for services ordinarily provided by the defendant to all members of the public in the manner in which they are ordinarily provided; and (3) they did not enjoy the privileges and benefits of the contracted for experience under factual circumstances which rationally support an inference of unlawful discrimination in that (a) they were deprived of services while similarly situated persons outside the protected class were not deprived of those services, and/or (b) they received services in a markedly hostile manner and in a manner which a reasonable person would find objectively unreasonable.
>
> * * *
>
> As noted above, often in the retail context, evidence of the retailer's conduct towards similarly situated patrons outside the protected class is difficult, if not impossible, to discover. Accordingly, subpart (3)(b) recognizes that even in the absence of similarly situated comparators outside the protected class, "markedly hostile" behavior towards members of the protected class may, under the circumstances of a particular case, give rise to a rational inference of discrimination sufficient to support a prima facie case. Factors relevant to the determination of whether conduct is "markedly hostile" are whether the conduct of a merchant or her agents is (1) so profoundly contrary to the manifest financial interests of the merchant and/or her employees; (2) so far outside of widely-accepted business norms; and (3) so arbitrary on its face, that the conduct supports a rational inference of discrimination.

Plaintiff alleged in the Amended Complaint that he was treated in such "markedly hostile" ways by the Defendant both in being driven out by "head-banging music" (ECF No. 17, at para. 43-44), and by the banishment by the manager who contemporaneously expressed his criticisms for "old white people act[ing] like [they] own everything." *Id*, at para. 25. These behaviors of Defendant were profoundly contrary to Defendant's manifest

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

financial interests, outside of widely accepted business norms, and so arbitrary on their fact, that the conduct supports a rational inference of discrimination, especially in the context of a motion to dismiss in which all inferences must be resolved in favor of the Plaintiff.

As such, Defendant's Motion to Dismiss counts I and II for failure to state a claim on this basis should be denied.

**Plaintiff Has Properly Plead that He Would Not Have Been Barred from the Restaurant but for the Defendant's Racially Discriminatory Motivations.**

Although Defendant asserts that Plaintiff brought his expulsion on himself for the reasons of his supposedly poor behavior as espoused by Alex Thaggard in his Facebook post, Defendant conveniently omits that the succeeding paragraphs in the Complaint (and Amended Complaint, at paras. 38 through 50) establish that each and every one of those criticisms made by Thaggard were fabrications.

Rarely in discrimination cases does a defendant blatantly announce its malevolent motivations. Typically, unlawful discriminatory motivation must be proven exclusively by circumstantial evidence. Here, such circumstantial evidence exists[4] sufficient to trigger the *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) burden shifting. Moreover, taking the allegations in the Amended Complaint as true and resolving all inferences in favor of the Plaintiff, Defendant's proffered legitimate nondiscriminatory reasons for banishing the

---

[4] Defendant's Server snapping at Plaintiff after overhearing Plaintiff lament to his Friend that his food had taken 45 minutes (Amended Complaint, paras. 11-12); Skinner coming out after Plaintiff had left and, out of nowhere, instructing the Friend to carry the news to Plaintiff that he was banned (*id*, at para. 16); Skinner snapping at the Friend when he refused to run Skinner's errand (*id*, at para. 18); Skinner lashing out at Judge Michael, "You old, white people act like you own everything. Get the fuck out of here!" (*id*, at para. 25); and the coordinated effort by Defendant's management and staff to publicly spread lies about Plaintiff on Facebook after the fact (*id,* at paras. 37 to 54).

GREIVELL & GARROTT JOHNSON LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

Plaintiff are little more than fabricated and defamatory pretext designed to conceal the true motivation.

Unlike the typical case, however, in this case, the Defendant's Manager, Mike Skinner, contemporaneously with his banishment instructions brazenly revealed that he held "white people" in contempt as he instructed Plaintiff's Friend to "get the fuck out of here," because "white people act like you own everything."

Moreover, as alleged at paras. 55 through 58 of the Amended Complaint, Skinner has a track record of publicizing his contempt of white men, "including a Facebook post from July 1, 2021, which depicts a white male wearing a tuxedo and holding a champagne flute, captioned: 'WE ARE A DISEASE,' and a June 24, 2022 post which depicts a picture of the US Supreme Court Justices, with arrows pointed towards all of the (white) 'conservative' justices with various incantations of the 'F' word, and an arrow towards Justice Clarence Thomas, with extra invective, saying 'Fuck this fuckin traitor.'" (Amended Complaint, para. 56.). Plaintiff has learned of several other white men who have been "barred from Dan's for otherwise inexplicable reasons." (*Id*, at para. 57).

Plaintiff has demonstrably pleaded specific facts that support his allegations that "Defendant acting through its Manager harbored special insidious hate towards white people, and would not have banned Plaintiff or his Friend if they had differently colored skin." (*Id*, at para. 58).

Applying the *Callwood* framework to the facts alleged in the Complaint, Plaintiff has stated a *prima facie* case.

Accordingly, Defendant's Motion to Dismiss counts I and II for failure to state a claim on this basis should be denied.

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

### The *Colorado River* Abstention Doctrine Does Not Justify Dismissal or Stay of this Action.

Stated succinctly, a federal court should stay a case under the *Colorado River*[5] abstention doctrine for the purpose of "wise judicial administration" only in "exceptional circumstances" to "clearly serve an important countervailing interest," and the abstention "must" be applied "parsimoniously." *United States ex rel. Maharaj v. Est. of Zimmerman,* 427 F. Supp 3d 625, 642 (D. Md. 2019) (internal citations and quotations omitted). "Indeed, the rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id,* at 642-643 (cleaned up).

"Overlapping legal theories and factual allegations are not enough." *Id* (cleaned up). "[T]he claims raised in the federal and state actions cannot differ in scope or involve different remedies. ... Rather, the suits are parallel only where the parallel state-court litigation will be an adequate vehicle for the *complete* and prompt resolution of the issues between the parties." *Id* (cleaned up).

"If there is any serious doubt that the state action would resolve all of the claims, it would be a serious abuse of discretion to abstain." *Id* (cleaned up).

Only where the suits are, in fact, parallel, should the court proceed to "holistically" weigh the six factors enumerated in *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457 (4th Cir. 2005). *Maharaj*, at 643, citing *vonRosenberg v. Lawrence*, 849 F.3d 163 (4th Cir. 2017).

Count I in the state court litigation is a claim for a violation of Maryland's public policy as set forth in Title 20, § 301, *et seq.*, of the State Government Article, Maryland's only

---

[5] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

GREIVELL & GARROTT JOHNSON LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

statutory prohibition against discrimination in places of public accommodation. That count was dismissed after the circuit court determined that Maryland law would not permit a cause of action based on the same. Count II in the state court litigation is for defamation of character concerning many if not all of the same lies that are presented in the instant federal suit. Counts III and IV in the state court litigation are actions in negligence and gross negligence for breach of a duty imposed on the Defendant by the aforesaid Title 20 of the State Government Article. In light of Defendant's recent arguments in that case that the individual managers and employees of the Defendant were not speaking for the restaurant, one of the individual employees was made party to the state court action in a Fourth Amended Complaint filed on. Based on recent and continued social media harassment and defamation by other owners and/or agents of Defendant, it is foreseeable that the state complaint will be amended yet again to assert new defamation claims against still more defendants.

  This federal case is based on two federal statutory provisions which have well-defined elements illuminated by a substantial body of federal jurisprudence, none of which is applicable to the state court claims. There is scant chance that a resolution of the state court litigation could resolve the claims set forth in this action, especially in light of the ballooning defamation claims (decisively non-federal and non-diversity claims), which have very little to do, legally, with Plaintiff's discrimination claims asserted here.

  Accordingly, the actions are not parallel, and this court should, as in the *Maharaj* case, consider that its authority to abstain from this case should only be exercised sparingly and in an "exceptional" case — which this case is not.



GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

Plaintiff is mindful of Defendant's concern about potentially being required to participate in discovery in two fora simultaneously, but disputes that this is a strong enough reason to merit the court's "parsimonious" application of the abstention doctrine. Plaintiff trusts that counsel can cordially work out any discovery complexities, and is confident that this Honorable Court can fashion any necessary remedies to address any such difficulties should counsel be unable to resolve the same.

## CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss, or, in the Alternative, Motion for Stay should be denied.

Respectfully submitted,

*/s/ Adam D. Greivell*
Adam D. Greivell, Esquire (MD Bar No. 28917)
Greivell & Garrott Johnson, LLC
5 Cornell Avenue
Hagerstown, Maryland 21742
T: (240) 310-9150
F: (877) 262-4810
adam@greivelllawoffice.com
Attorneys for Plaintiff, Neal Glessner

GREIVELL & GARROTT JOHNSON LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com

Page 12 of 13

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY, on this 16th day of March, 2023, that the foregoing Opposition to Second Motion to Dismiss, or, in the Alternative, Motion for Stay was served electronically on the following via the Court's electronic filing system:

Charles B. Peoples, Esq.
Thomas, Thomas & Hafer, LLP
1025 Connecticut Ave., NW, Ste. 608
Washington, DC 20036
202-945-9501
cpeoples@tthlaw.com
Attorney for Defendant, CharDan, LLC

                                      */s/ Adam D. Greivell*
                                      Adam D. Greivell

GREIVELL
&
GARROTT
JOHNSON
LLC

5 Cornell Avenue
Hagerstown, MD 21742
t: (240) 310-9150
f: (877) 262-4810
www.GreivellLawOffice.com