IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **NEAL GLESSNER** | * | |
|    **Plaintiff** | * | |
| v. | * | Civil Action No.: 1:22-CV-03333 |
| **CHARDAN, LLC** | * | |
|    **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY TO OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO STAY

NOW COMES, Defendant, Chardan, LLC, by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure, and files this Reply to Plaintiff's Opposition to the Motion to Dismiss, or, in the Alternative, Motion to Stay Amended Complaint and states as follows:

### ARGUMENT

### I. THIS COURT SHOULD DISMISS THE PLAINTIFF'S AMENDED COMPLAINT BECAUSE PLAINTIFF HAS FAILED TO ALLEGE THAT HE WAS EITHER DENIED SERVICES OR SERVED IN A MARKEDLY HOSTILE MANNER

Plaintiff has failed to demonstrate that he has been denied services by the Defendant as required to plead a prima facie case of violations of either 42 U.S.C. §1981 or 42 U.S.C. §2000a. In order to establish that they have been discriminated against, a plaintiff must demonstrate that they attempted to solicit the services of a vendor and was denied under circumstances that indicated discrimination. See Buchanan v. Consolidated Stores Corp., 217 F.R.D. 178, 193 (D. Md., 2003). Only then

does the burden shift to the defendant to establish a legitimate, non-discriminatory reason for their action. See id.

In this case, the operative Complaint does not allege that the Plaintiff made further attempts to obtain services at the Defendant's restaurant as required for either 42 U.S.C. §1981 or 42 U.S.C. §2000a claims. O'Neill v. Gourmet Systems of Minnesota, Inc., 213 F.Supp.2d 1012, 1015-1016 (W.D. Wis., 2002). Plaintiff's attempts to speak with employees of the Defendant's restaurant do not satisfy the requirement in O'Neil that "the plaintiff has attempted to pay for and receive services ordinarily provided by the defendant to all members of the public" as these attempts never involved the Plaintiff actually attempting to purchase anything from the restaurant. Id.; see Plaintiff's Amended Complaint at 8. Plaintiff's statements that he "would have" visited the restaurant for dinner but for Defendant's actions do not meet this standard. See Plaintiff's Amended Complaint at 2. A Plaintiff must have "made themselves available to receive and pay for services ordinarily provided by the defendant to all members of the public in the manner in which they are ordinarily provided." Callwood v. Dave & Buster's, Inc., 98 F. Supp. 2d 694, 707 (D. Md. 2000). Thus, Plaintiff's allegations are insufficient because the caselaw requires a Plaintiff to actually attempt to solicit the services of the restaurant. Plaintiff concedes in his Amended Complaint that he did not do so.

Plaintiff has similarly failed to demonstrate that he received services in a markedly hostile manner and in a manner that a reasonable person would find objectively unreasonable as required to plead a prima facie case of violations of either 42 U.S.C. §1981 or 42 U.S.C. §2000a. A Plaintiff must show that they "they did not

enjoy the privileges and benefits of the contracted for experience under factual circumstances which rationally support an inference of unlawful discrimination in that . . . they received services in a markedly hostile manner and in a manner which a reasonable person would find objectively unreasonable." Callwood, 98 F. Supp. 2d 694, 707 (D. Md. 2000).

One of Plaintiff's cited two examples—the head-banging music---is by its very nature a type of conduct that is not targeted at any particular customer, as the entire restaurant is affected. *See* Plaintiff's Amended Complaint at 8. The second of Plaintiff's two cited examples—the statement by the manager—occurred after Plaintiff had left the building, and could not be considered markedly hostile behavior towards the Plaintiff himself. *See* Plaintiff's Amended Complaint at 9. The behavior cited by the Plaintiff therefore fails to rise to the level of "markedly hostile." The Plaintiff has not met the burden of proof necessary to establish his complaint, and thus, the Amended Complaint should be dismissed.

**II. THIS COURT SHOULD DISMISS THE AMENDED COMPLAINT BECAUSE IT FAILS TO ALLEGE FACTS DEMONSTRATING THAT PLAINTIFF WOULD HAVE BEEN PERMITTED INTO THE VENUE BUT FOR RACIAL ANIMUS**

Plaintiff's Amended Complaint fails to demonstrate that, but for his race, he would not have been barred from the Defendant's premises. When determining whether a party has been deprived their rights in violation of 42 U.S.C. §1981, courts must utilize a "but for" test to verify the claim. See Comcast Corporation v. National Association of African American-Owned Media, 140 S. Ct. 1009, 1019 (2020). A "but for" test means that the claim cannot succeed unless the protected trait actually played a role in the defendant's decision-making process and was also "a determinative influence on the

outcome." See Hazen Paper Company v. Biggins, 507 U.S. 604, 610 (1993). Given the absence of evidence of discriminatory motive and the fact that Plaintiff's own account of events demonstrates nondiscriminatory reasons that restaurant staff would ban him from the premises, Plaintiff's allegations of discrimination do not stand up under the "but for" analysis prescribed in Comcast. 140 S. Ct. at 1013-14.

Plaintiff concedes that no racial invective was used against him, nor that he had any reason to believe that he was being treated differently on account of his race while he was in the restaurant. Plaintiff cites unrelated social media posts of separate employees and states that "Defendant's post-hoc justifications for its abhorrent treatment of the Plaintiff were little more than pretextual fabrications designed to conceal its true animus." See Plaintiff's Amended Complaint at 9. Plaintiff's citation of behavior that was after the ban as evidence of his discrimination claim merely demonstrate that a number of different employees were frustrated by Plaintiff's prior behavior. At no point in these social media posts is there any indication that Plaintiff's race was the underlying cause of animus, but instead focus on Plaintiff's behavior, specifically alleging that the Plaintiff mistreated the restaurant staff and showed disregard for the restaurant rules. See Plaintiff's Amended Complaint at 6-7. Plaintiff's Amended Complaint specifically alleges that his server overheard a comment about the quality of service that caused her to "snap" at him. *See* Plaintiff's Amended Complaint at 2. Thus, Plaintiff's own account of events demonstrates nondiscriminatory reasons that restaurant staff would ban him from the premises. Considering these interpersonal disputes, Plaintiff has not given any indication that a patron of a different race, acting in a similar fashion, would have been allowed to continue patronizing the restaurant.

Plaintiff's interpretation of Defendant's motivation, and allegation that the Defendant "harbored special insidious hate towards white people" are little more than conclusory statements of law claiming entitlement to relief. Legal conclusions are not entitled to the presumption of truth. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). This Court has affirmed that it was not to accept "unsupported legal allegations, legal conclusions disguised as factual allegations, or conclusory factual allegations devoid of any reference to actual events." <u>Abdel-Malak v. JP Morgan Chase Bank</u>, 2011 U.S. Dist. LEXIS 96595 at *7 (D. Md. Aug. 29, 2011). Plaintiff has failed to present facts that demonstrate plausible discrimination in his Amended Complaint, and as such, the counts should be dismissed.

### III. THE COURT SHOULD DISMISS OR STAY THE CASE PURSUANT TO THE COLORADO RIVER DOCTRINE

This Court has the authority to stay or dismiss this case because Plaintiff's two cases are parallel. The parties in the state proceeding are identical, and the dispute arises from the same disputed facts. The state proceeding involves allegations of negligence and gross negligence, and the alleged breach of duty is based on the violation of a discrimination statute. While Plaintiff alleges several legal counts in the two different cases, the underlying facts of all counts brought in both cases revolve around the disputes arising from the incident on February 18, 2022. Plaintiff has asserted parallel discrimination claims in the state court proceeding, and a resolution of one proceeding would resolve the parties' dispute. As a result, the cases are to be considered parallel for the purposes of Colorado River Doctrine analysis. <u>Health Care & Ret. Corp. of Am. v. Heartland Home Care, Inc</u>., 324 F. Supp. 2d 1202 (D. Kan. 2004).

Plaintiff's arguments regarding hypothetical additional counts are parties are irrelevant; these factors have not been considered by prior Courts in analyzing the Colorado River Doctrine. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23 (1983). Allowing these two parallel cases to proceed would result in duplicative work and be a waste of the resources of the parties and the judiciary, and could lead to inconsistent rulings, verdicts and/or judgments that the Colorado River Doctrine was meant to avoid. See Ackerman v. ExxonMobil Corp., 821 F. Supp. 2d 811, 819 (D. Mass. 2012). This Court should dismiss or stay the Plaintiff's Amended Complaint, as the disposition of the state proceeding would be dispositive on the issues before this Court.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Plaintiff's Amended Complaint with prejudice, or, in the alternative, stay the case.

                /s/
Charles B. Peoples, Esquire, #29306
Thomas, Thomas & Hafer LLP
1025 Connecticut Ave., NW, Ste. 608
Washington, DC 20036
202-945-9501
cpeoples@tthlaw.com
*Attorney for Defendant Chardan, LLC*

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY, on this 31st day of March, 2023, that the foregoing Reply to Plaintiff's Opposition to Motion to Dismiss, or, in the Alternative, Motion to Stay, was served on the following via first class mail postage prepaid or via the Court's electronic filing system:

Adam D. Greivell, Esquire
Greivell & Garrott Johnson, LLC
5 Cornell Avenue
Hagerstown, MD 21742
(240) 310-9150 (t)
(877) 262-4810 (f)
*Attorney for Plaintiff*

                                                                                                                                        /s/
                                          Charles B. Peoples, Esquire, #29306
                                          Thomas, Thomas & Hafer LLP
                                          1025 Connecticut Ave., NW, Ste. 608
                                          Washington, DC 20036
                                          202-945-9501
                                          cpeoples@tthlaw.com
                                          *Attorney for Defendant Chardan, LLC*